**HEFNER, STARK & MAROIS, LLP**
Michael R. Williams (CA Bar Assn. No. 186079)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127

**THORPE, NORTH & WESTERN, LLP**
Peter M. de Jonge (Utah State Bar #7184)
Gordon K. Hill (CA Bar Assn. No. 218999)
8180 South 700 East, Suite 200
Sandy, Utah 84070
Telephone: (801) 566-6633
Fax No: (801) 566-0753

**RAY QUINNEY & NEBEKER P.A.**
Mark M. Bettilyon (Utah State Bar #4798)
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
   Telephone:  (801) 532-1500
   Facsimile:  (801) 532-7543

*Attorneys for Plaintiff Cytosport, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| CYTOSPORT, INC., a California corporation, | PROTECTIVE ORDER |
| Plaintiff, | |
| v. | Case No.: 2:06-CV-01799 DFL PAN |
| NATURE'S BEST INC., a New York corporation, and Does 1 through 10, inclusive, | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and based upon the Stipulated Motion for Entry of Protective Order of Plaintiff Cytosport, Inc.("Plaintiff"), and Defendant Nature's Best Inc. ("Defendant"), and good cause appearing,

IT IS HEREBY ORDERED that a party or a non-party disclosing or producing information, documents, or things in this matter ("producing party") may designate such information, documents, or things as Confidential or Confidential—Attorneys' Eyes Only under the following terms and conditions:

1. Any document, information, or thing may be designated Confidential if it is in good faith determined by the producing party to contain confidential or proprietary information, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document,[1] information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. Any document, information, or thing may be designated Confidential—Attorneys' Eyes Only if it is in good faith determined by the producing party to contain confidential, commercially sensitive, or proprietary information related to any of the following: technical data, research and development information, marketing or other business plans, product or service information, customer information, trade secrets, competitive information, or financial information of the party, or any other information of such sensitivity to warrant Confidential—Attorneys' Eyes Only treatment, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

---

[1] The term "document" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34 of the Federal Rules of Civil Procedure, and shall include every writing and recording within the meaning given those terms in Rule 1001 of the Federal Rules of Evidence.

3.      A producing party may designate any document or other tangible information or thing as Confidential or Confidential—Attorneys' Eyes Only by stamping some conspicuous place thereof with the legend CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, respectively.  For example, in the case of a document, a producing party may so mark the first page of a multipage document or each applicable page.  In the case of other tangible items, a producing party may so mark any appropriate location.  For example, in the case of a computer disk, a producing party may so mark the disk cover.

4.      A non-producing party may also designate any document, information, or thing produced during the course of this litigation, not already designated Confidential or Confidential—Attorneys' Eyes Only, as Confidential or Confidential—Attorneys' Eyes Only, as if it were a producing party.  The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated, within five business days of the production of such document, information, or thing, during which period said items shall be presumed Confidential.  At the end of this five business day period, such documents, information, or things not designated as Confidential or Confidential—Attorneys' Eyes Only shall automatically revert to non-Confidential status.

5.      A producing party may designate documents, information, or things disclosed at a deposition of a producing party or one of its present or former officers, directors, employees, agents, or independent experts retained for purposes of this litigation as Confidential or Confidential—Attorneys' Eyes Only on the record during the deposition or by notifying all parties in writing of the specific item so designated, within five business days of receiving a copy of the deposition transcript, of the specific exhibits or lines and pages of the transcript that are Confidential or Confidential—Attorneys' Eyes Only.

1   a. If a producing party designates such materials as Confidential or
2   Confidential—Attorneys' Eyes Only on the record, the court reporter shall indicate on the
3   cover page of the transcript that the transcript includes Confidential or Confidential—
4   Attorneys' Eyes Only information, shall list the pages and lines numbers and/or exhibits
5   of the transcript on or in which such information is contained, and shall bind the
6   transcript in separate portions containing Confidential, Confidential—Attorneys' Eyes
7   Only, and non-Confidential material.  Further, during the period in which such
8   Confidential or Confidential—Attorneys' Eyes Only information is discussed during the
9   deposition, any person present during the deposition who is not a Qualified Person, as
10  defined below, or the court reporter, shall be excluded from that portion of the deposition.
11   b. A deposition transcript and the exhibits thereto shall be presumed
12  Confidential—Attorneys' Eyes Only in their entirety until five business days after receipt
13  of the transcript by the producing party.  If, after the deposition is taken, the producing
14  party designates any portion of the deposition transcript or exhibits as Confidential or
15  Confidential—Attorneys' Eyes Only by giving written notice as described above, all
16  persons receiving notice of such designation shall affix the same to the face of their copy
17  or copies of the transcript.  At the expiration of the five business day period, the transcript
18  and exhibits shall automatically revert to non-Confidential status, except those portions
19  that have been designated on the record or in writing as Confidential or Confidential—
20  Attorneys' Eyes Only.
21   c. A non-producing party may designate documents, information, or things
22  disclosed at a deposition as Confidential or Confidential—Attorneys' Eyes Only in the
23  same manner as a producing party.

4

6. Should any party object to a designation of any information, documents, or things as Confidential or Confidential—Attorneys' Eyes Only, the parties and/or the producing party shall attempt to resolve such objection in good faith on an expedited and informal basis. If the objection is not thereby resolved, the objecting party may apply for a ruling from the Court determining whether the materials in question are properly designated under the terms of this Protective Order. The person or entity seeking the protected status shall bear the burden of proof. Until the Court makes such determination, all material designated as Confidential or Confidential—Attorneys' Eyes Only shall be treated as such.

7. All information, documents, or things produced, exchanged, or inspected in the course of this litigation shall be used solely for the purposes of this litigation and disclosure thereof shall be solely for the purpose of resolving disputes between the parties.

8. All documents, information, or things designated as Confidential shall be made available only to the following Qualified Persons:

    a. the parties to the litigation, and the employees of the parties;

    b. counsel of record in this action, the employees of such counsel, outside vendors employed by such counsel for purposes of scanning, reproducing, or numbering documents, information, or things, and independent testifying or non-testifying experts or trial consultants retained by such counsel or by the parties in connection with this litigation;

    c. the person producing such materials;

    d. the person who is the proprietor or source of such materials; and

    e. the Court.

9. All documents, information, or things designated as Confidential—Attorneys' Eyes Only shall be made available only to the following Qualified Persons:

    a. outside counsel of record, the employees of such counsel, outside vendors employed by such counsel for purposes of scanning, reproducing, or numbering documents, information, or things, and independent testifying or non-testifying experts or trial consultants retained by such counsel or by the parties in connection with this litigation;

    b. the person producing such materials;

    c. the person who is the proprietor or source of such materials;

    d. the Court.

10. Materials designated as Confidential or Confidential—Attorneys' Eyes Only shall not be made available to persons other than those enumerated in paragraphs 8 and 9 above, respectively, even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, declarations, or affidavits; the Confidential and Confidential—Attorneys' Eyes Only information must be removed before the remaining materials may be made available to those other persons.

11. With the exception of counsel of record in this action, the employees of such counsel, outside vendors employed by such counsel for purposes of scanning, reproducing, or numbering documents, information, or things, persons to whom information, documents, or things designated as Confidential or Confidential—Attorneys' Eyes Only may be provided pursuant to the terms of paragraphs 8 and 9 above shall not be provided access to materials designated as Confidential or Confidential—Attorneys' Eyes Only unless and until they have been supplied and have read a copy of this Order and have executed an Undertaking in the form

annexed hereto prior to receipt of any materials designated as Confidential or Confidential—Attorneys' Eyes Only.  Counsel for the party obtaining an Undertaking signed by any person shall retain the original of the signed Undertaking in counsel's files.

12. No documents, information, or things designated as Confidential or Confidential—Attorneys' Eyes Only shall be filed with the Court, including that contained in pleadings, motions, briefs, declarations, affidavits, or exhibits, except in sealed envelopes with a motion to seal.  Such sealed envelopes shall bear the caption of the case and shall recite a concise, non-disclosing inventory of their contents for docketing purposes.  Additionally, in the case of materials or information designated Confidential or Confidential—Attorneys' Eyes Only, such sealed envelopes shall prominently bear the legend:

FILED UNDER SEAL

To the extent possible, only those portions of a filing with the Court that contain material designated as Confidential or Confidential—Attorneys' Eyes Only shall be filed under seal.  To the extent that no Confidential or Confidential—Attorneys' Eyes Only information is disclosed, the parties may refer to, and quote from, documents designated as Confidential or Confidential—Attorneys' Eyes Only in pleadings, motions, briefs, declarations, affidavits, or exhibits filed with the Court, without the need to file such pleadings, motions, briefs, affidavits, or exhibits under seal.

13. Nothing in this Order shall preclude any party to the lawsuit or their attorneys from:

a. Showing materials designated as Confidential or Confidential—Attorneys' Eyes Only to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document.

   b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as Confidential or Confidential—Attorneys' Eyes Only.

   c. Disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a source other than discovery or to which a party has a right of access independent of discovery.

   d. Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise, or is already rightfully in the possession of the receiving party at the time of production.

   e. Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter.  However, if a party intends to use or offer into evidence at such trial or arbitration any materials designated as Confidential or Confidential—Attorneys' Eyes Only, that party shall, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance in order that the producing party may take such steps reasonably necessary to preserve the confidentiality of such information or documents.

  14. If any party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as Confidential or Confidential—Attorneys' Eyes Only not so designated by that party, counsel for that party shall immediately give counsel for the designating party written notice of the fact of such service so

that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

15. Within sixty days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as Confidential and Confidential—Attorneys' Eyes Only shall be returned to the producing party or destroyed. Counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been returned or destroyed. Materials designated as Confidential or Confidential—Attorneys' Eyes Only that are in the custody of the Court are excepted from the terms of this paragraph.

16. The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall be no longer be any restriction on use of materials designated as Confidential or Confidential—Attorneys' Eyes Only that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

DATED this 8th day of January, 2007.

BY THE COURT:

/s/ David F. Levi
Honorable David F. Levi
United States District Judge

APPROVED AS TO FORM AND SUBSTANCE:

BOUTIN ENTINO GIBSON DI GIUSTO HODELL INC.

_____
Michael E. Chase
Dated _____

Albert Robin
Kieran G. Doyle
COWAN, LIEBOWITZ & LATMAN, P.C.

*Attorneys for Defendant*

HEFNER, STARK & MAROIS, LLP


_____
Michael R. Williams
Dated: _____

Peter M. de Jonge
Gordon K. Hill
THORPE NORTH & WESTERN, LLP

Mark M. Bettilyon
RAY QUINNEY & NEBEKER PC

*Attorneys for Plaintiff*

UNDERTAKING

I, _____ (name), of _____ employer and business address), am about to receive information, documents, or things designated as Confidential and/or Confidential—Attorneys' Eyes Only under the Stipulated Protective Order dated _____, 2006, entered by the United States District Court for the Eastern District of California, in *Cytosport, Inc. v. Nature's Best Inc.,* Case No. 2:06-CV-01799 DFL PAN ("Protective Order").

I hereby represent and certify that I have been given a copy of and read said Protective Order, and that I understand the same. I hereby further certify that I am one of the persons allowed under paragraphs 8 or 9 of the Protective Order to receive access to information, documents, or things designated Confidential and/or Confidential—Attorneys' Eyes Only. I also agree to be bound by the terms of the Protective Order, specifically including the requirement that information, documents, and things I may receive that are designated as Confidential and/or Confidential—Attorneys' Eyes Only, as well as all copies, notes, summaries, and other records made regarding such information, documents, and things, shall be disclosed to no one other than persons specifically allowed by paragraphs 8 and 9 of the Protective Order to have access to such information.

I further understand that violation of the Protective Order may be punishable by contempt of Court, and I consent and submit to the jurisdiction of the United States District Court for the District of Utah, Central Division, with respect to the enforcement of any of the terms of the Protective Order.

_____    _____
Date                                          Signature

11