IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYTOSPORT, INC., | No. Civ. S-06-cv-1799 DFL EFB |
| Plaintiff, | Memorandum of Opinion and Order |
| v. | |
| NATURE'S BEST, INC., and DOES 1 through 10, inclusive, | |
| Defendants.         / | |

This case involves disputes between two competing producers of high protein health drinks, Cytosport, Inc. and Nature's Best, Inc.. Plaintiff Cytosport alleges that Nature's Best is violating its trademark. Defendant and counter-claimant Nature's Best contends that Cytosport has misrepresented the qualities and characteristics of its product, "Muscle Milk," in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Cytosport now moves to dismiss Nature's Best's counterclaims. For the reasons below, the court DENIES Cytosport's motion.

I.

On August 11, 2006, Cytosport filed a trademark infringement suit against Nature's Best, alleging that Nature's Best trade name "Micellar Milk" infringes on Cytosport's trade name "Muscle Milk."  On September 12, 2006, Nature's Best filed an answer in which it makes counterclaims against Cytosport, alleging that Cytosport has misrepresented Muscle Milk in violation of § 43(a) of the Lanham Act.  Nature's Best contends that Cytosport's advertising and labeling of Muscle Milk is false and misleading because: (1) the label states "Burn Fat Don't Store It" when Muscle Milk does not burn fat; (2) the label states "Carb Conscious" when Muscle Milk contains 15 grams of carbohydrate; and (3) the label does not list Muscle Milk's trans fat content, which suggests that Muscle Milk has no trans fat.  On January 5, 2007, Cytosport moved to dismiss Nature's Best's counterclaims.  In its opposition, Nature's Best offered to strike its third counterclaim.  Therefore, only the first and second counterclaims are addressed below.

II.

"Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits the use of false designations of origin, false descriptions, and false representations in the advertising and sale of goods and services." Jack Russell Terrier Network of Northern Cal. v. American Kennel Club, Inc., 407 F.3d 1027, 1036 (9th Cir. 2005).  "In order to constitute a violation of § 43(a) of the Lanham Act, the contested statement or representation must be either false on its face or, although literally true, likely to mislead and to confuse consumers given the

merchandising context." <u>Mylan Labs. Inc. v. Matkari</u>, 7 F.2d 1130, 1138 (4th Cir. 1993).

Cytosport first argues that "Burn Fat Don't Store It" is not misleading under the Lanham Act. According to Cytosport, "80% of the saturated fat in [Muscle Milk] are [sic] in the form of medium chain triglycerides (MCTs)" and that "MCTs are typically burned as energy and show little or no propensity for storage as body fat." Therefore, Cytosport intends to convey to consumers only that they would burn, and not store, the fat in Muscle Milk.

This argument lacks merit. What Cytosport intends the statement to mean is irrelevant. Cytosport has violated the Lanham Act if the statement "Burn Fat Don't Store It" is false and misleading, even if Cytosport did not mean it to be so. Moreover, at this stage of the litigation, Nature's Best need only plead that the statement is false or that consumers find it misleading. It has done so here. Nature's Best alleges that consumers may find the statement misleading because it implies that Muscle Milk helps them burn existing fat. Furthermore, Nature's Best contends that the statement is literally false because consumers drinking Muscle Milk store 1.4 grams of saturated fat and 10.4 grams of total fat.

Cytosport next argues that the Federal Drug, and Cosmetic Act ("FDCA") bars Nature's Best's Lanham Act claim regarding the statement "Carb Conscious" on the Muscle Milk label. Because the FDA presently is considering formulating a regulation regarding use of the phrase "Carb Conscious," Cytosport asserts that a judgment for Nature's Best would preempt the FDA's

discretion and interfere with a potential future regulation. This argument also is unpersuasive.

"[F]alse statements are actionable under the Lanham Act, even if their truth may be generally within the purview of the FDA." Summit Tech., Inc. v. High-Line Med. Instruments, Co., 933 F.Supp. 918, 933 (C.D. Cal. 1996) ("Summit Tech. II"); see also Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1138-39 (4th Cir. 1993); Cottrell, Ltd. v. Biotrol Int'l, Inc., 191 F.3d 1248, 1254-55 (10th Cir. 1999). Plaintiffs, however, may not sue under the Lanham Act to enforce the FDCA. Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 228-29 (3d Cir. 1990). "[W]hat the [FDCA] . . . do[es] not create directly, the Lanham Act does not create indirectly." Id. Therefore, courts have dismissed Lanham Act claims that necessarily require interpreting and applying the FDCA or FDA regulations. But courts have refused to dismiss Lanham Act claims when plaintiffs can establish that the statements at issue are false or misleading without relying on the FDCA or FDA regulations.

For example, in Sandoz Pharmaceuticals, plaintiff claimed that defendant violated the Lanham Act solely because its labels were literally false. Id. at 230. Plaintiff chose not to argue that they were misleading to the public. Id. According to plaintiff, defendant listed an ingredient as "inactive" when it was "active" under a FDA regulation. Id. To determine whether this characterization was literally false, the court would have had to interpret the regulation. See id. Accordingly, the court dismissed plaintiff's claims. Id. at 231.

4

Similarly, in <u>Summit Tech., Inc. v. High-Line Med. Instruments Co.</u>, the court dismissed one of plaintiff's Lanham Act claims because it required interpreting FDA regulations. 922 F.Supp. 299, 306 (C.D. Cal. 1996) ("<u>Summit Tech. I.</u>"). Plaintiff alleged that defendants violated the Lanham Act by putting their products on the market without disclosing that they did not have FDA approval. <u>Id.</u> at 305. The omission purportedly misled consumers to believe that the FDA had approved defendants' products. <u>See</u> <u>id.</u> at 305-06. The court observed, however, that the FDA already had approved other versions of the same products, and the FDA had not decided whether FDA regulations require granting defendants' products a separate approval. <u>Id.</u> at 306. Because defendants' omission would be misleading only if the regulations required separate approval, the court found that plaintiff's claim required interpretation of FDA regulations and, therefore, dismissed it. <u>Id.</u>

In contrast, in <u>Grove Fresh Distrib., Inc. v. Flavor Fresh Foods, Inc.</u>, the court found that plaintiff could sue defendants under the Lanham Act even though defendants' alleged misrepresentation might implicate an FDA regulation. 720 F.Supp. 714, 716 (N.D. Ill. 1989). Plaintiff alleged that defendants misrepresented their orange juice as "100% [pure] orange juice from concentrate." <u>Id.</u> at 715. While an FDA regulation defines "orange juice from concentrate," the court found that plaintiff could establish a Lanham Act violation without resorting to the regulation. <u>Id.</u> at 716 ("Grove Fresh would simply need to provide other evidence establishing the

proper market definition of 'orange juice from concentrate.'") Therefore, the court concluded that plaintiff had stated a valid cause of action.

In <u>Summit Tech. II.</u>, the court reached a similar result. In that case, plaintiff contended that one defendant misrepresented products it imported as "identical" to domestically manufactured products that the FDA had approved. <u>Summit Tech. II</u>, 933 F.Supp. at 934. Although plaintiff could rely on FDA regulations to establish its claim, the court refused to dismiss the Lanham Act claim. <u>Id.</u> at 935. According to the court, "the question of whether the domestic and international [products] are 'identical' is a factual one that can be resolved without the interpretation or application of FDA regulations." <u>Id.</u>

Here, contrary to Cytosport's assertions, Nature's Best's Lanham Act claims do not require the court to interpret FDA regulations or the FDCA. Cytosport is correct that the FDCA allows the FDA to regulate "nutrient content claims," which are claims made by manufacturers regarding the level of nutrients in a particular product. 21 U.S.C. § 343(r)(1)(A) (2007). And Nature's Best contends that the statement "Carb Conscious" describes the level of carbohydrates in Muscle Milk, making it a nutrient content claim. Cytosport, however, does not allege that the statement "Carb Conscious" is valid under the FDCA or any FDA regulations.[1]  Instead, Cytosport argues that the FDCA allows the FDA to promulgate regulations regarding nutrient

---

[1] Because Cytosport does not make this claim, the court expresses no opinion on whether plaintiffs can pursue a Lanham Act claim based on conduct that FDA regulations or the FDCA clearly allow.

content claims, and that, while the FDA has not yet promulgated a regulation regarding the statement "Carb Conscious," it is considering doing so.  In short, the nub of Cytosport's argument is that Nature's Best's claim restricts the discretion of the FDA to formulate a future regulation.

This argument lacks merit.  Cytosport fails to cite any case in which a court dismissed a Lanham Act claim because it might implicate a future regulation.  As discussed above, courts have dismissed only Lanham Act claims that require interpreting FDA regulations or the FDCA.  In its papers and at oral argument, Cytosport asserts that this is necessary here.  But Cytosports concedes that there currently is no applicable regulation.  Moreover, Nature's Best does not need to rely on the FDCA or any FDA regulation to show that the statement "Carb Conscious" is misleading.  To make its case, Nature's Best can present evidence, such as consumer surveys, that indicate consumers would consider such statement misleading when Muscle Milk contains 15 grams of carbohydrate.

### III.

For the reasons above, the court DENIES Cytosport's motion to dismiss.

IT IS SO ORDERED.

Dated: May 8, 2007

/s/ David F. Levi_____

DAVID F. LEVI

United States District Judge